# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ONE AVIATION CORPORATION., *et al.*,[1] | Case No. 18-12309 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: February 18, 2021 at 11:00 a.m. (ET)<br>Objection Deadline: January 26, 2021 at 4:00 p.m. (ET) |

## RENEWED MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONVERT DEBTORS' CASES TO CHAPTER 7

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this renewed[2] motion (the "Motion") for entry of an order converting these chapter 11 cases to ones under chapter 7. In support of this Motion, the Committee respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

[2] The Court has denied the Committee's May 2020 motion to convert without prejudice based on the Debtors' assertions that the effective date of their Plan was imminent. [Docket No. 843].

## BACKGROUND

2. On October 9, 2018 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases").

3. Prior to the sale of substantially all of their assets, the Debtors operated their businesses and managed their properties as debtors-in-possession. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. On the Petition Date, the Debtors filed a *Joint Prepackaged Chapter 11 Plan of Reorganization for ONE Aviation Corporation and Its Debtor Affiliates* [Docket No. 13](the "Plan," and as subsequently amended ).

5. On October 22, 2018, the Office of the United States Trustee appointed the Committee pursuant to Section 1102(a) of the Bankruptcy Code [Docket No. 62].

6. In mid-January 2019, the Debtors and Citiking International US LLC ("Citiking"), the Debtors' pre-petition secured lender, DIP Lender and Plan Sponsor, reached a settlement with the Committee pursuant to which the holders of ONE Aviation General Unsecured Claims[3] would receive a distribution (from the OAC GUC Distribution Pool) under the Debtors' plan of reorganization (the "Committee Settlement").

7. On January 18, 2019, the Debtors filed a *First Amended Joint Prepackaged Chapter 11 Plan of Reorganization for ONE Aviation Corporation and Its Debtor Affiliates* (the "First Amended Plan") [Docket No. 347]. The First Amended Plan incorporated and implemented the terms of the Committee Settlement and sought approval of the same as part of confirmation of the Debtors' plan of reorganization. *See id.*, Section 5.17.

---

[3] Defined terms not defined in this Motion shall have the meaning ascribed to them in the Plan.

{1223.001-W0063881.} -2-

8. On March 1, 2019, the Debtors filed a *First Amended Joint Prepackaged Chapter 11 Plan of Reorganization (As Modified) for ONE Aviation Corporation and Its Debtor Affiliates* (the "Modified First Amended Plan") [Docket No. 444]. As with the First Amended Plan, the Modified First Amended Plan incorporated and implemented the terms of the Committee Settlement. *See id.*, Section 5.17.

9. On August 30, 2019, the Debtors filed a *Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization for ONE Aviation Corporation and Its Debtor Affiliates* (the "Second Amended Plan") [Docket No. 659]. As with the First Amended Plan and the Modified First Amended Plan, the Second Amended Plan incorporated and implemented the Committee Settlement. *See id.*, Section 5.13.

10. Section 9.1 of the Second Amended Plan, captioned "Conditions to Effective Date", provides that the Second Amended Plan shall not become effective and the Effective Date (as defined in the Second Amended Plan) shall not occur unless and until the conditions enumerated in Section 9.1 were satisfied or waived. *See id.*, Section 9.1. Crucially, those conditions included that:

(a) "the Debtors shall have closed on the New ABL / Term Loan Facility, and the New ABL / Term Loan Facility Documents shall be in form and substance acceptable to the Debtors, [Citiking] (and DW if it is providing any financing thereunder)";

(b) "the [Second Amended] Plan shall have become effective on or before December 1, 2019"; and

(c) that "[a]ll amounts required to be funded or paid on or before the Effective Date pursuant to this Plan or the Confirmation Order shall have been funded or paid."

*Id.*, Sections 9.1.2, 9.1.9 and 9.1.10.

11. On September 18, 2019, the Court entered an *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and (B) Confirming the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization (As Modified) of ONE Aviation Corporation and Its Debtor Affiliates* (the "Confirmation Order") [Docket No. 707]. Among other things, the Confirmation Order approved the Committee Settlement, to be effectuated as set forth in Section 5.13 of the Plan. *Id.*, ¶ 87.

12. The Second Amended Plan did not become effective by December 1, 2019, the deadline set forth in the Second Amended Plan, nor in subsequent months.

13. Subsequently, the Second Amended Plan was abandoned, and the Court, by orders entered in November and December, 2020, approved the Debtors' requests to sell substantially all of their Assets.[4] Both sales closed.

14. On January 4, 2021, the purchaser of the One Aviation assets filed a letter with the Court seeking relief regarding an alleged unauthorized removal by certain of the Debtors' management of assets purportedly acquired by the purchaser. A telephonic hearing on such request is currently scheduled for January 27, 2021.

15. Although the Committee has discussed with Debtors' counsel prompt conversion of these cases to chapter 7 following the closings of the asset sales (which request would include supplemental relief), and has commented on drafts of such motion, the Debtors have not filed it.

---

[4] Docket No. 1063 and Docket No. 1078.

16. The administratively insolvent cases should convert to chapter 7 to cut off further administrative fee burn, and to permit proper investigation of the alleged acts related to the November 2020 sale and other matters. The Committee hopes that, notwithstanding the filing of this motion, the discussions amongst the Debtors, the Committee and the purchaser of the One Aviation assets can continue and result in an agreed-upon resolution to these cases.

## ARGUMENT

17. Section 1112(b) of the Bankruptcy Code provides that a party in interest may seek conversion to chapter 7 or dismissal of a case "for cause," "whichever is in the best interests of creditors and the estate."

18. Section 1112(b)(4) cites examples of cause, including: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (1112(b)(4)(A)); "inability to effectuate substantial consummation of a confirmed plan" (1112(b)(4)(M)); and "termination of a confirmed plan by reason of the occurrence of a condition specified in the plan" (1112(b)(4)(O)). However, cause for dismissal may exist beyond the various examples cited in 11 U.S.C. § 1112(b)(4). *See In re Am. Capital Equip., LLC*, 688 F.3d 145, 161-62 (3d. Cir. 2012).

19. For example, unreasonable delay which is prejudicial to creditors may be considered cause for conversion of a case post-confirmation. *See Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortg. Entities)*, 248 B.R. 368, 375, 378 (9th Cir. BAP 2000) (finding the bankruptcy court did not abuse its discretion by converting a case to Chapter 7 post-confirmation as a result of unreasonable delay in accomplishing plan goals which was prejudicial to creditors).

20. Section 1112(b)(4)(M), noting that cause to convert exists where the debtors are unable to effectuate substantial consummation of a confirmed plan, directs that the case should be converted to Chapter 7. Here, following the failed Plan process and sale of substantially all of the Debtors' assets, continued administration in chapter 11 serves no valid purpose.

21. In addition, the Debtors are not been paying all administrative claims as they become due, including professional fees. Failure to pay administrative expenses provides cause to convert the case to Chapter 7. *See* 11 U.S.C. § 1112(b)(4)(A); *In re Alston*, 756 Fed. Appx. 160, 164 (3d Cir. 2019) (finding mounting unpaid administrative expenses as "continuing loss or diminution of the estate" and cause to convert or dismiss).

**<u>Waive Request</u>**

22. The Committee seeks waiver of Local Rule 2002-1 (b) regarding service on the entire creditor matrix, given the cost inherent therein and given the fact that the creditor body is on prior notice of the potential conversion [*see* Docket No. 831] considering the Committee's previous motion for conversion.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee respectfully requests that the Court enter an order converting these Chapter 11 Cases to Chapter 7, and granting such other relief as is just and proper.

Dated: January 12, 2021  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kerri K. Mumford*
Adam G. Landis, Esq. (No. 3407)
Kerri Mumford (No. 4186)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
    mumford@lrclaw.com
    pierce@lrclaw.com

-and –

**LOWENSTEIN SANDLER LLP**
Wojciech F. Jung, Esq.
Bruce Buechler, Esq.
Colleen Maker, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
E-mail: wjung@lowenstein.com
    bbuechler@lowenstein.com
    cmaker@lowenstein.com

*Counsel to the Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ONE AVIATION CORPORATION., *et al.*,[1] | Case No. 18-12309 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: February 18, 2021 at 11:00 a.m. (ET)<br>Objection Deadline: January 26, 2021 at 4:00 p.m. (ET) |

## NOTICE OF MOTION

TO: (i) the Debtors; (ii) the UST; (iii) Citiking International US LLC; and (iv) all other parties that have filed requests for notices pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on January 12, 2021, the Official Committee of Unsecured Creditors (the "Committee"), appointed in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession filed the *Renewed Motion of the Official Committee of Unsecured Creditors to Convert Debtors' Cases to Chapter 7* (the "Motion").

Objections, if any, to the relief requested in the Motion must be filed with the United States Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **January 26, 2021 at 4:00 p.m. (ET).**

At the same time, you must also serve a copy of the objection upon the undersigned counsel so as to be **received no later than 4:00 p.m. (ET) on January 26, 2021.**

A HEARING ON THE MOTION WILL BE HELD ON **FEBRUARY 18, 2021 AT 11:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI, UNITED STATES BANKRUPTCY COURT JUDGE, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5th FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

{1223.001-W0063883.}

      IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

| | |
|---|---|
| Dated: January 12, 2021<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kerri K. Mumford*<br>Adam G. Landis, Esq. (No. 3407)<br>Kerri Mumford (No. 4186)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, DE  19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       mumford@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and –<br><br>**LOWENSTEIN SANDLER LLP**<br>Wojciech F. Jung, Esq.<br>Bruce Buechler, Esq.<br>Colleen Maker, Esq.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 262-6700<br>Facsimile: (212) 262-7402<br>E-mail: wjung@lowenstein.com<br>       bbuechler@lowenstein.com<br>       cmaker@lowenstein.com<br><br>*Counsel to the Official Committee*<br>*of Unsecured Creditors* |

{1223.001-W0063883.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONE AVIATION CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12309 (CSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. \_\_\_\_** |

### ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY

This matter coming before the Court upon the renewed motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee"), appointed in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (the "Order") pursuant to section 1112(b) of the Bankruptcy Code, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, and the Court having considered the Motion and any opposition thereto, and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding; and the filing of the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Committee's notice of the Motion and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: ONE Aviation Corporation (9649); ACC Manufacturing, Inc. (1364); Aircraft Design Company (1364); Brigadoon Aircraft Maintenance, LLC (9000); DR Management, LLC (8703); Eclipse Aerospace, Inc. (9000); Innovatus Holding Company (9129); Kestrel Aircraft Company, Inc. (2053); Kestrel Brunswick Corporation (6741); Kestrel Manufacturing, LLC (1810); Kestrel Tooling Company (9439); and OAC Management, Inc. (9986). The Debtors' corporate headquarters is located at 3250 Spirit Drive SE, Albuquerque, NM 87106.

{1223.001-W0063882.}    1223.001-W0063882.
01/12/2021 206388534.1

opportunity for a hearing were appropriate under the circumstances and that no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors' chapter 11 cases are hereby converted, pursuant to 11 U.S.C. § 1112(b), to cases under chapter 7 of the Bankruptcy Code, effective as of the date of the entry of this Order (the "Conversion Date").

3. The following Conversion Procedures are hereby approved:

   a. **Professional Fees.** To the extent professionals retained in the chapter 11 cases have not already submitted final fee applications to the Court (the "Final Fee Applications"), all professionals (excluding professionals retained in the ordinary course of business pursuant to the *Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, Effective as of the Petition Date* [Docket No. 189]) shall submit final fee applications (the "Final Fee Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than fourteen (14) days after the Conversion Date (The "Final Fee Application Deadline"). The Court will schedule a hearing, at the Court's convenience, on such Final Fee Applications on _____, 2021 at __:__ __. All approved amounts owed for professionals' fees and expenses shall be paid (x) first, from each professional's retainer, to the extent such retainers exist; (y) from the Debtors' cash, and thereafter (z) from the Debtors' chapter 7 estates.

   b. **The Committee.** On the Conversion Date, the Committee shall be immediately dissolved, and all professionals retained by the Committee shall be immediately discharged, with no further action required by the Debtors or the Committee, except, however, Committee and its professionals may remain in place to prosecute any final fee applications and matters related to this Order.

    c. **Books and Records.**  As soon as reasonably practicable, but in no event more than fourteen (14) days after the assumption of duties by the chapter 7 trustee, the Debtors shall turn over to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

    d. **Lists and Schedules.**  To the extent not already filed with the Court, within fourteen (14) days after the Conversion Date, the Debtors shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b).

    e. **Schedule of Unpaid Debts.**  Within fourteen (14) days after the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Debtors' chapter 11 cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

    f. **Final Report.**  Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

    g. **Claims.**  Within fourteen (14) days after the Conversion Date, Epiq shall (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the creditor mailing list to CM/ECF; (iii) docket a final claims register in the Debtors' chapter 11 cases; and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, PA 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

4.     The U.S. Trustee is hereby directed to appoint a chapter 7 trustee to oversee the Debtors' chapter 7 bankruptcy cases.

5.     A representative of the Debtors, and, if so requested by the chapter 7 trustee, counsel to the Debtors in this case, shall appear at the First Meeting of Creditors pursuant to sections 341(a) and 343 of the Bankruptcy Code and such representative shall be available to

testify at such meeting.

6. Subject to its compliance with Del. Bankr. L.R. 2002-1(f)(x)-(xi), Epiq shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' chapter 11 cases as of the Conversion Date and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' chapter 11 cases or the chapter 7 cases.

7. All orders entered by the Court in the Debtors' chapter 11 cases shall remain in full force and effect.

8. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

9. Pursuant to Local Rule 2002-1(b), the Court grants the Committee's waiver request for service of the Motion on the entire creditor matrix and finds that the service provided is adequate under the circumstances.

10. The terms of this Order shall be effective and enforceable immediately upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated _____, 2021
     Wilmington, Delaware

                                      The Honorable Christopher S. Sontchi
                                      Chief United States Bankruptcy Judge