FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP



Direct Line: +1.212.859.8914<br>
Email: michael.keats@friedfrank.com<br>
March 19, 2024

**<u>Via ECF</u>**

Hon. Valerie E. Caproni
Thurgood Marshall
United States Court House
40 Foley Square
New York, NY 10007

      Re:   *Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.*, 1:23-cv-10924-VEC

Dear Judge Caproni:

      This firm represents Defendant AML Global Eclipse, LLC ("AML Global") in the above-referenced action (the "Action"). We write to alert the Court to impermissible chicanery that Plaintiff Diligent Enterprise Management, LLC ("Diligent") is engaging in to evade this Court's jurisdiction over the pending motion to remand and cross-motion to transfer. We ask the Court to reject Diligent's blatant gamesmanship, and grant the relief requested herein.

      As the Court knows, Diligent filed this Action in New York State Court. AML Global, together with the other defendants, removed the Action to this Court on December 15, 2023 pursuant to 28 U.S.C. §§ 1334 and 1452, and Federal Rule of Bankruptcy Procedure 9027. ECF 1. The parties agreed to and filed a proposed briefing schedule for Diligent's motion to remand to state court and defendants' cross-motion to transfer to the District of Delaware. ECF 12. On January 19, 2024, the Court entered a briefing schedule as follows:

- January 31, 2024: deadline for Diligent to file motion to remand;

- February 27, 2024: deadline for defendants' opposition and cross-motion to transfer;

- March 19, 2024: deadline for Diligent's reply and opposition;

- April 2, 2024: deadline for defendants' reply.

ECF 13. On March 12, 2024, Diligent filed a notice of voluntary dismissal, purportedly dismissing from this Action AML Global and Defendants Alan Klapmeier, James Carroll, Steve Serfling, RJ

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

March 19, 2024
Page 2

Siegle, Mike Wyse, and Carol Larotonda.[1]  ECF 25.  On March 15, 2024, Diligent filed another notice of voluntary dismissal, purportedly dismissing Defendant DWC Pine Investments I, Ltd. ("DWC Pine") from this Action.  ECF 26.  **The very same day** Diligent ostensibly dismissed its claims against DWC Pine, Diligent filed a complaint in New York State Court, New York County, that is **substantively identical** to the complaint in this Action.  A true and correct copy of the New York State complaint (without exhibits) is attached hereto as Exhibit A.  A redline comparing the complaint in this Action to the New York State complaint is attached hereto as Exhibit B.

Diligent's transparent attempt to sidestep this Court's authority over its claims—after agreeing to a briefing schedule, filing its motion to remand, and receiving Moving Defendants[2] opposition and cross-motion—is unduly vexatious and in bad faith.  *See Shim-Larkin v. City of New York*, 2019 WL 4688703, at *2 (S.D.N.Y. Sept. 25, 2019) (Nathan, J.) (explaining in Rule 41 voluntary dismissal context that bad faith is present "when a party assures the court and defendants that they would pursue [a] claim, then seeks dismissal." (alteration in original)); *see also S.E.C. v. Oakford Corp.*, 181 F.R.D. 269, 271 (S.D.N.Y. 1998) (Rakoff, J.) (Securities and Exchange Commission "failed to act with diligence" and "engaged in 'undue vexatiousness'" by moving to dismiss without prejudice to avoid "facing the scheduled deadline for furnishing its own discovery" after receiving defendants' discovery responses).

Diligent may prefer to proceed in a state court that is unfamiliar with the extensive bankruptcy proceedings that underlie and essentially foreclose its meritless claims in this Action.  However, Defendants have removal rights that Diligent is "not entitled to ignore or circumvent[.]" *In re Rezulin Prod. Liab. Litig.*, 2002 WL 31002809, at *1 (S.D.N.Y. Sept. 5, 2002) (Kaplan, J.) (denying motion to dismiss without prejudice).  Respectfully, this Court should "not tolerate such efforts," *id.* (cautioning counsel that "the Court will be alert to any sanctionable behavior that may occur" in connection with no prejudice dismissal motions), and instead exercise its inherent authority to protect its own jurisdiction.  28 U.S.C. § 1651(a).

Diligent's attempted gamesmanship is a waste of judicial and party resources.  Specifically, if Diligent's stunt is permitted, Defendants will simply (once again) remove the case to this Court.  In view of this, we ask the Court to schedule a status conference at the Court's earliest convenience to discuss next steps, including whether this Court should consider entering an injunction against the state court action to preserve its own federal jurisdiction.  *See Mitchum v. Foster*, 407 U.S. 225, 234 & n.12 (1972) (removal provisions, including § 1452, operate as an exception to the federal antisuit injunction act); *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997) (federal courts are authorized to enjoin later-filed state

---

[1] Plaintiff already previously agreed to voluntarily dismiss Ms. Larotonda from the case. *See* ECF 20.

[2] This term is defined in the Memorandum of Law of Defendants AML Global Eclipse, LLC, Alan Klapmeier, James Carroll, Steve Serfling, RJ Siegle, and Mike Wyse in Opposition to Plaintiff's Motion for Remand and in Support of Their Cross-Motion to Transfer (ECF 22) and includes AML Global, Mr. Klapmeier, Mr. Carroll, Mr. Serfling, Mr. Siegle, and Mr. Wyse.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

March 19, 2024
Page 3

actions that are "*fraudulently filed in an attempt to subvert the removal of a prior case*" (emphasis in original) (quoting *Lou v. Belzberg,* 834 F.2d 730, 740 (9th Cir.1987))).

Defendants reserve their rights to seek appropriate relief for this frivolous conduct.

Very truly yours,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By:     */s/ Michael C. Keats*
         Michael C. Keats
         Peter B. Siroka

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
michael.keats@friedfrank.com
peter.siroka@friedfrank.com

Attorneys for Defendant
  AML Global Eclipse, LLC