

Darryl R. Graham

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

T: 212 880 3800
F: 212 880 8965

March 21, 2024

**VIA ECF AND E-MAIL (caproninysdchambers@nysd.uscourts.gov)**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    *Diligent Enterprise Management, LLC v. AML Global Eclipse, LLC et al.,*
         **No. 23-CV-10924 (VEC)**

Dear Judge Caproni,

This firm represents plaintiff Diligent Enterprise Management, LLC ("Diligent") in the above-captioned matter. We write in response to the letter filed by defendant AML Global Eclipse, LLC ("AML Global") [ECF 27] and the Court's subsequent order [ECF 28] that permitted Diligent to file this response and scheduled a conference for Friday, March 22, 2024 at 10:00 a.m.

AML Global's letter characterizes Diligent's conduct as "impermissible chicanery", "blatant gamesmanship", and "unduly vexatious and in bad faith." However, this characterization is inaccurate in each respect. As noted below and in the filed notices, Rule 41(a)(1) authorizes voluntary dismissal by notice, this dismissal imposes no prejudice[1] on AML Global (nor, presumably, the other defendants who did not join in its letter), and there is no risk of wasted judicial resources or circumvention of removal rights. To the contrary, the net result of the notice of dismissal may be the preservation of judicial resources and the avoidance of further costs insofar as the new state court action does not proceed (no party has been served or attempted to be served). Moreover, if the new state action was to proceed, the action would be removed (as AML Global notes) and Diligent would then expect (and agree) to referral back to this Court. Also, as AML Global concedes that the new action is substantively unchanged, it follows that AML Global's current removal position would remain unchanged, such that any additional re-litigation cost to

---

[1] Notably, the issue of prejudice (a *Zagano* factor) is not relevant here because Diligent did not move for dismissal pursuant to Rule 41(a)(2). *See SEC v. Oakford,* 181 F.R.D. 269, 271 (S.D.N.Y. 1998).

United States District Judge Valerie E. Caproni
March 21, 2024
Page 2

_____

AML Global is minimal, if any, and is accounted for in the rule, if warranted.  *See* Fed. R. Civ. P. 41(d).

       The reason the recent state court action was filed was to preserve the claims and avoid the potential expiration of the statute of limitations regarding certain of the claims, including against defendant DWC Pine Investments I, LTD ("DW").  At present, no defendant has been served nor does Diligent presently intend to serve the defendants at this time, but failure to re-file exposed Diligent to waiving those claims and refiling in state court preserved them and Diligent's (unresolved) position as to jurisdiction/venue.

       Separately, the statute of limitations issue was exacerbated by the contention, held by DW, that it was served one (1) business day late and consequently service was improper.  [ECF No. 1 ¶ 18].  Based on this position, DW refused to appear in this action until resolution of the jurisdictional issues.[2]  Diligent attempted to cure this issue from the outset by filing a motion to extend the time to serve in the state court action, but the motion was denied as moot once removed to this Court.[3]  Thereafter, in light of the standard that applies to such a motion (especially when statute of limitations is at issue), Diligent sought an agreement from DW, as well as Mr. Wyse (who also alleged to be served one business day late), to agree to waive solely the service issue, avoid the expense (and waste of judicial resources) on that issue, and agree to simply move forward with resolving the jurisdictional issues with all parties and relevant arguments presented to the Court in full. *See* Exhibit A.  While Mr. Wyse agreed, DW would not, and DW also did not join in Defendants' subsequently filed opposition to remand but affirmatively "advised that it d[id] not object to transfer[ ]… ." [ECF 22 n. 1].  Yet, DW is central to this dispute, which is largely driven by contract, and which included forum selection clauses to which DW (but not AML Global or the Individual Defendants) was a party. [ECF 16 ¶¶ 5-7,p. 15-16].  A fact that the "Moving Defendants" highlighted to their advantage in their opposition. [ECF 22 at 21 ("Diligent fails to confront the basic fact that *none* of the defendants *presently in the case* signed the relevant contracts.) (second emphasis added).  Diligent contends this issue is material and if side-stepped will prejudice Diligent if DW only appears after (for the sake of argument) this matter is transferred to Delaware.

       Insofar as Diligent decides to proceed with the re-filed action, all defendants will be timely served to avoid that issue and ensure all parties appear for a fulsome review of the remand issue, including the contractual forum selection provisions and their impact on removal or remand.  Alternatively, if Diligent opts not to proceed and does not serve the defendants, this matter will be closed without further litigation expense or judicial expenditure.  However, to force Diligent to choose between litigating the jurisdictional issue without DW's inclusion or dismissal with

_____

[2] A copy of the email communication between counsel for Diligent and DWC on this issue is attached as **Exhibit A**.
[3] Diligent filed this motion in the state action on December 7, 2023, before AML Global filed its notice of removal on December 15, 2023, but AML Global excluded this filing from the record submitted to this Court in its removal notice. *See* generally [ECF 1].  A copy of Diligent's motion to extend the deadline to service DWC (and Mr. Wyse) is attached as **Exhibit B.**

United States District Judge Valerie E. Caproni
March 21, 2024
Page 3
_____

prejudice would unduly prejudice Diligent, especially where AML Global is not actually prejudiced.

In fact, none of the authorities that AML Global cites is relevant or supports its position. For example, in *Shim-Larkin* and *Oakford*, the plaintiff moved for dismissal pursuant to Rule 41(a)(2) and the court had to apply the *Zagano* factors, which do not apply here because Diligent filed notices pursuant to Rule 41(a)(1)(A)(i).  [ECF 25, 26].  Further, in *Shim-Larkin*, unlike here, the matter had over 400 docket entries, the defendants had answered, moved for summary judgment, there were two appeals, "countless orders" on discovery issues, and the dismissal motion followed an order overruling plaintiff's objections to the magistrate judge's order requiring plaintiff to produce discovery.  *Shim-Larkin v. City of New York*, 2019 WL 4688703, 1-3 (S.D.N.Y. Sept. 25, 2019).  In *Oakford,* the court actually granted plaintiff's motion for dismissal without prejudice, even after recognizing that plaintiff filed the lawsuit without any intention of participating in discovery and had moved to dismiss only when confronted with the obligation to do so because the defendant was not prejudiced.  *See SEC v. Oakford Corp*, 181 F.R.D. 269, 271-273 (S.D.NY. 1998).  As for *Rezulin*, which also dealt with a Rule 41(a)(2) motion, plaintiff ran afoul of the court because it had already denied remand and the dismissal without prejudice to refile in state court imperiled the pending MDL, none of which is appliable here.  As for an anti-suit injunction, AML Global fails to cite any Second Circuit authority to support such extraordinary relief and relies on a Ninth Circuit case that *affirmed the denial* of such an injunction, which largely focused on an arbitration provision.  *See ACE Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 30 (2d Cir. 2002) (Sotomayor, J.) (*citing Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372 (9th Cir. 1997).

For the reasons noted above, Diligent submits that AML Global's request for relief should be denied because it is not supported by its own authorities cited, is premature and unnecessary, and would unduly prejudice Diligent.

Respectfully submitted,

*/s/Darryl R. Graham*

Darryl R. Graham

# EXHIBIT A

**Archived:** Thursday, March 21, 2024 7:50:23 AM
**From:** Tishyevich, Dmitriy
**Mail received time:** Fri, 23 Feb 2024 15:06:06
**Sent:** Fri, 23 Feb 2024 20:05:57
**To:** Graham, Darryl (Ptnr-NY)
**Subject:** RE: Diligent Enterprise
**Importance:** Normal
**Sensitivity:** None

---

**[External to Akerman]**

Hi Darryl,

Thanks for following up.  I've discussed with the client, and at this time, they are not agreeable to waive service.  I suggest we revisit this issue after the jurisdictional issues have ben resolved, and we can have another conversation at that point.

Thanks,

DMITRIY TISHYEVICH (HE/HIM/HIS)
Partner
**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
**Tel** +1 212 547 5534    **Email** dtishyevich@mwe.com

**Website** | **vCard** | **LinkedIn**

---

**From:** darryl.graham@akerman.com <darryl.graham@akerman.com>
**Sent:** Friday, February 23, 2024 1:06 PM
**To:** Tishyevich, Dmitriy <Dtishyevich@mwe.com>
**Subject:** RE: Diligent Enterprise

You don't often get email from darryl.graham@akerman.com. Learn why this is important

**[ External Email ]**
Hi Dmitriy – Following up on this.  Let me know when you have a moment.  Thanks.

**Darryl R. Graham**
Partner
Akerman LLP | 1251 Avenue of the Americas, 37th Floor | New York, NY 10020
D: 212 259 6444
Admitted to Practice in NY, DC, FL, CA, and WY
darryl.graham@akerman.com

*We've moved!*
Please note the new address of our New York office.

---

**From:** Graham, Darryl (Ptnr-NY)
**Sent:** Wednesday, February 21, 2024 3:30 PM
**To:** 'Tishyevich, Dmitriy' <Dtishyevich@mwe.com>
**Subject:** RE: Diligent Enterprise

Thanks, Dmitriy.  Sounds good.

**Darryl R. Graham**

Partner

Akerman LLP | 1251 Avenue of the Americas, 37th Floor | New York, NY 10020

D: 212 259 6444

Admitted to Practice in NY, DC, FL, CA, and WY

darryl.graham@akerman.com

*We've moved!*

Please note the new address of our New York office.

---

**From:** Tishyevich, Dmitriy <Dtishyevich@mwe.com>
**Sent:** Wednesday, February 21, 2024 3:20 PM
**To:** Graham, Darryl (Ptnr-NY) <darryl.graham@akerman.com>
**Subject:** RE: Diligent Enterprise

==**[External to Akerman]**==

Hi Darryl – thanks for the email.  Let me review, discuss with the client, and circle back.  Appreciate it.

DMITRIY TISHYEVICH (HE/HIM/HIS)

Partner

**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852

**Tel** +1 212 547 5534   **Email** dtishyevich@mwe.com

**Website** | **vCard** | **LinkedIn**

---

**From:** darryl.graham@akerman.com <darryl.graham@akerman.com>
**Sent:** Tuesday, February 20, 2024 4:12 PM
**To:** Tishyevich, Dmitriy <Dtishyevich@mwe.com>
**Subject:** Diligent Enterprise

You don't often get email from darryl.graham@akerman.com. Learn why this is important

**[ External Email ]**

Dmitriy,

I hope this finds you well.  I'm following up on this matter and the service issue you've raised regarding your client.  We recently entered into a stipulation and order with counsel for Mr. Wyse whereby Mr. Wyse agreed to accept service and waive any service related arguments to avoid motion practice on this issue.  As the issue with your client is the same as Mr. Wyse, and in the interest of avoiding unnecessary motion practice (for the parties and the Court), I wanted to propose entering into the same stipulation and order with your client.  I assume you are joining in the opposition to the remand and/or transfer motions, and I think it would be best to align all the deadlines such that once that process is completed the parties can proceed in uniform fashion.  Attached is a copy of the Stipulation and Order regarding Mr. Wyse, as well as a draft regarding DWC.  Please let me know if you'd like to discuss.

Thanks,
Darryl

**Darryl R. Graham**

Partner

Akerman LLP | 1251 Avenue of the Americas, 37th Floor | New York, NY 10020

D: 212 259 6444

Admitted to Practice in NY, DC, FL, CA, and WY

darryl.graham@akerman.com

*We've moved!*

Please note the new address of our New York office.

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.


*******************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DILIGENT ENTERPRISE MANAGEMENT, INC.,

                     *Plaintiff*,

            - against -

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER,
JAMES CARROLL, STEVE SERFLING, RJ
SIEGLE, MIKE WYSE, and CAROL LAROTONDA,

                     *Defendants*.
-------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/15/2024___

Case No. 23-cv-10924-VEC

**STIPULATION AND ORDER
REGARDING: (1) SERVICE
ON DEFENDANT WYSE; AND
(2) DISMISSING DEFENDANT
LAROTONDA**

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that:

     1.     Plaintiff commenced this action in New York Supreme Court by Summons with Notice on July 20, 2023. [ECF No. 1-1];

     2.     Notwithstanding Plaintiff's diligent efforts, Defendant Mike Wyse ("Wyse") was not served with the Summons with Notice and Complaint until November 20, 2023, while the other defendants were served on November 17, 2023.  [ECF No. 1-4];

     3.     Rather than engage in motion practice regarding service of Wyse, the parties have conferred and agreed to stipulate that service as to Wyse was timely and proper;

     4.     To that end, and for the avoidance of doubt, Defendant Wyse acknowledges that he was validly and timely served and agrees that he shall make no motion or include no defense in an answer (or otherwise) predicated on service (or any jurisdictional defense related to service), all of which are waived;

     5.     Counsel for Wyse acknowledges that they have been provided a copy of the Summon with Notice and the Complaint;

6.     Plaintiff's claims against Defendant Larotonda in the instant action are dismissed without prejudice, without any admission of liability and without costs to any party against the other;[1] and,

7.     This Stipulation may be executed in counterparts.[2]

Dates:  February 15, 2024                    Dated: February 15, 2024


By:    /s/ *Darryl R. Graham*                By:    /s/ *Erica Barrow*
      Darryl R. Graham                       Daniel J. Buzzetta
                                        Erica Barrow

AKERMAN LLP                                  BAKER & HOSTETLER LLP
1251 Avenue of the Americas, 37th Floor      45 Rockefeller Plaza
New York, NY 10020                           New York, NY 10111
(212) 880-3800                               (212) 589-4200
darryl.graham@akerman.com                    dbuzzetta@bakerlaw.com
                                             ebarrow@bakerlaw.com

*Counsel for Plaintiff*

                                             *Counsel for Defendants Alan
                                             Klapmeier, James Carroll, Steve
                                             Serfling, RJ Siegle, Carol Larotonda,
                                             and Mike Wyse*


                                             ┌─────────────────────────────────┐
                                             │ The Clerk of Court is respectfully directed │
**SO ORDERED:**                              │ to terminate Defendant Carol Larotonda │
                                             │ as a party in this case. │
_____  2/15/2024           └─────────────────────────────────┘
Hon. Valerie Caproni
United States District Judge

---

[1] To the extent that the Court dismisses Defendants Alan Klapmeier, James Carroll, Steve Serfling, RJ Siegle, and Mike Wyse with prejudice from the instant action, then Plaintiff agrees to voluntarily dismiss Defendant Larotonda with prejudice.

[2] Both parties acknowledge that jurisdiction is disputed and that this matter may be remanded to state court (or potentially transferred to Delaware), and that neither party is prejudiced by filing this stipulation in regards to their respective positions regarding venue or forum and this stipulation shall not waive any such arguments. For the avoidance of doubt, the parties further agree that if this matter is remanded or transferred, the parties shall file an identical stipulation as the instant one in such court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DILIGENT ENTERPRISE MANAGEMENT, INC.,

                              *Plaintiff*,                      Case No. 23-cv-10924-VEC

                    - against -                  **STIPULATION AND ORDER**
                                        **REGARDING SERVICE ON**
AML GLOBAL ECLIPSE, LLC, DWC PINE      **DEFENDANT DWC PINE**
INVESTMENTS I, LTD., ALAN KLAPMEIER,    **INVESTMENTS I, LTD.**
JAMES CARROLL, STEVE SERFLING, RJ
SIEGLE, MIKE WYSE, and CAROL LAROTONDA,

                       *Defendants*.
---------------------------------------------------------------------x

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that:

      1.      Plaintiff commenced this action in New York Supreme Court by Summons with Notice on July 20, 2023. [ECF No. 1-1];

      2.      Notwithstanding Plaintiff's diligent efforts, Defendant DWC Pine Investments I, LTD ("DWC") was not served with the Summons with Notice and Complaint until November 20, 2023, while the other defendants were served on November 17, 2023. [ECF No. 1-4; ECF No. 20];

      3.      Rather than engage in motion practice regarding service of DWC, the parties have conferred and agreed to stipulate that service as to DWC was timely and proper;

      4.      To that end, and for the avoidance of doubt, DWC acknowledges that it was validly and timely served and agrees that it shall make no motion or include no defense in an answer (or otherwise) predicated on service (or any jurisdictional defense related to service), all of which are waived;

      5.      Counsel for DWC acknowledges that they have been provided a copy of the Summon with Notice and the Complaint;

6. This Stipulation may be executed in counterparts.[1]

Dates:  February __, 2024         Dated: February __, 2024


By:  ___/s/_____     By:___/s/_____
      Darryl R. Graham               Dmitriy Tishyevich
                            Chelsea Cosillos

AKERMAN LLP             **MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Eᴍᴇʀʏ LLP**
1251 Avenue of the Americas, 37th Floor   One Vanderbilt Avenue
New York, NY 10020        New York, NY 10017-3852
(212) 880-3800           Tel: (212) 547-5400 | F: (212) 547-5444
darryl.graham@akerman.com     dtishyevich@mwe.com
                          ccosillos@mwe.com

*Counsel for Plaintiff*        *Counsel for DWC Pine Investments I, Ltd.*


**SO ORDERED:**

_____
Hon. Valerie Caproni
United States District Judge

---

[1] Both parties acknowledge that jurisdiction is disputed and that this matter may be remanded to state court (or potentially transferred to Delaware), and that neither party is prejudiced by filing this stipulation in regards to their respective positions regarding venue or forum and this stipulation shall not waive any such arguments. For the avoidance of doubt, the parties further agree that if this matter is remanded or transferred, the parties shall file an identical stipulation as the instant one in such court.

75078567;1

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC,

                                        Plaintiff,

-against-

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER,
JAMES CARROLL, STEVE SERFLING, RJ
SIEGLE, MIKE WYSE, and CAROL
LAROTONDA

                                        Defendants.

Index No. 653523/2023

**NOTICE OF MOTION**

Motion Seq. No. 001

        **PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law and

Affirmation of Darryl R. Graham, Esq. and exhibit attached thereto, dated December 7, 2023;

and all prior pleadings and proceedings in this action, plaintiff Diligent Enterprise Management,

LLC ("Plaintiff") will move this Court, with good cause, at the Motion Submission Part

Courtroom (Room 130), at the Courthouse located at 60 Centre Street, New York, New York

10007, on December 20, 2023, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an

order to: (1) extend, *nunc pro tunc*, the time to serve defendants DWC Pine Investments I, Ltd.,

("DWC") and Mike Wyse ("Wyse") to November 20, 2023; (2) extend the deadline to serve

DWC, Wyse, Alan Klapmeier ("Klapmeier"), James Carroll ("Carroll"), Steve Serfling

("Serfling"), RJ Siegle ("Siegle"), and Carol LaRotonda ("LaRotonda") (collectively, the

"Defendants") for thirty (30) days from the date it is established that any of the Defendants were

improperly served, if any; and (3) for such other and further relief as the Court may deem just

and proper.

73945998;1

Case 1:23-cv-10924-VEC   Document 29   Filed 03/21/24   Page 14 of 46

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR 2214(b), answering papers, if any, are required to be served upon the undersigned at least two (2) days before the return date of this motion.

Dated: New York, New York
      December 7, 2023

                         **AKERMAN LLP**

                         By:   */s/Darryl R. Graham*
                                Darryl R. Graham, Esq.
                                1251 Avenue of the Americas
                                37th Floor
                                New York, NY 10020
                                Tel. (212) 880-3800
                                Fax (212) 880-8965

                               *Attorneys for Plaintiff Diligent Enterprise*
                               *Management, LLC*

73945998;1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DILIGENT ENTERPRISE MANAGEMENT, LLC, | Index No.: 653523/2023 |
| Plaintiff, | Mot. Seq. 001 |
| -against- | |
| AML GLOBAL ECLIPSE, LLC, DWC PINE INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES CARROLL, STEVE SERFLING, RJ SIEGLE, MIKE WYSE, and CAROL LAROTONDA | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXTEND TIME TO SERVE DEFENDANTS

**AKERMAN LLP**

Darryl R. Graham, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Tel: (212) 880-3800
Fax: (212) 880-8965

*Attorneys for Plaintiff*

Plaintiff, Diligent Enterprise Management, LLC ("Plaintiff"), by and through its counsel, Akerman LLP, respectfully submits this motion to (1) extend its time to serve defendants AML Global Eclipse, LLC ("AML"), DWC Pine Investments I, Ltd., ("DWC"), Alan Klapmeier ("Klapmeier"), James Carroll ("Carroll"), Steve Serfling ("Serfling"), RJ Siegle ("Siegle"), Mike Wyse ("Wyse"), and Carol LaRotonda ("LaRotonda") (collectively, the "Defendants") with its complaint, and (2) for such other and further relief as the Court may deem just and proper.

## FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action on July 20, 2023 by electronically filing a Summons with Notice against the Defendants. NYSCEF Doc. No. 1.  In an abundance of caution, Plaintiff filed the Summons with Notice in anticipation of the running of the statute of limitations regarding certain of its then-anticipated claims.  Affirmation of Darryl R. Graham ("Graham Aff."), dated December 7, 2023, ¶ 3. Thereafter, on November 17, 2023, Plaintiff filed its complaint alleging nine causes of action, including: (1) three for breach of contract against DWC, (2) tortious interference with contract against AML, (3) civil conspiracy against AML and DWC, (4) fraudulent inducement against Wyse, Klapmeier, Carroll, Serfling, and Siegel (collectively, the "Individual Defendants"), (5) fraudulent inducement against Klapmeier and Siegel, (6) fraudulent misrepresentation against Klapmeier, and (7) fraudulent misrepresentation against Klapmeier, Siegel, and Serfling. NYSCEF Doc. No. 2.  As the claims were later developed during drafting of the complaint, those subject to the expiration of the statute of limitations were omitted.

On November 17, 2023, Plaintiff attempted service of the Summons with Notice (along with a copy of the Complaint) on each of the Defendants, and effected service on all of them on November 17, 2023, except for DWC and Wyse. Graham Aff., ¶ 4. Three days later, on November 20, 2023, Plaintiff served DWC and Wyse. *Id.* ¶ 5. True and correct copies of the Affidavits of

1

Service of the Defendants are attached to the Graham Aff., ¶ 6, Comp. Ex. A.  However, as the Summons with Notice was filed on July 20, 2023, service on DWC and Wyse is technically three days beyond the 120-day service period. *Id.* ¶ 7.

A combination of factors ultimately inhibited Plaintiff's ability to timely serve its Summons with Notice and its Complaint. *Id.* ¶ 8. First, this dispute involves numerous contractual agreements between the parties, extensive procedural history in related legal proceedings, and several defendants who Plaintiff alleges have caused Plaintiff significant financial damage. *See generally id.* ¶¶ 9-11. As a result of these legal and practical nuances, Plaintiff was unable to ascertain, within the 120-day service period, who precisely it should serve and where those individuals were located in order to effectuate service of process. *Id.* ¶ 11. Second, key stakeholders in Plaintiff's business are non-US natives who are unacquainted with the legal system in this country, let alone the particularities of the New York state system, which resulted in logistical challenges. *Id.* ¶ 13. Third, while Plaintiff exercised due diligence to effect service by the deadline, and having timely served 5 of the 7 defendants, a miscommunication with the process inadvertently resulted in service on the non-local defendants first as opposed to simultaneously service on all defendants, including the local New York defendant (DWC) and nearby New Jersey defendant (Wyse). *Id.* ¶¶ 12, 14-15. But for that miscommunication, all of the Defendants would likely have been served by November 17, 2023 deadline. *Id.*

Nevertheless, despite these challenges, Plaintiff filed the Complaint and timely served five of the Defendants and served the remaining two defendants three days later.  *Id.* ¶ 16.  For good cause shown and in the interest of justice, Plaintiff moves the Court for an extension of time to effect service of not less than three (3) days and up to thirty (30) days insofar as it is later

determined that service on any of the timely served Defendants is later proved to have been ineffective.

**ARGUMENT**

### I.   LEGAL STANDARD

Pursuant to CPLR § 306-b, a plaintiff has 120 days to execute service of process on any named defendants.  However, CPLR § 306-b also provides that a plaintiff may obtain an extension of time to serve the defendants upon a showing of good cause or if it is in the interest of justice to do so. This section of the CPLR was deliberately amended in 1998 "to accord New York courts the same type of flexibility enjoyed by Federal courts to extend the time for service of the summons and complaint[.]" *Campbell v. Starre Realty Co.*, 283 A.D.2d 161, 162 (1st Dep't 2001). Indeed, extensions of time to serve process "should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service." *Id.*

In order to demonstrate good cause for the extension of time to serve a complaint, "a plaintiff must demonstrate reasonable diligence in attempting service" or that "plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control." *Wilmington Savings Fund Society, FSB v. James*, 174 A.D.3d 835, 837 (2d Dep't 2019); *Bank v. Estate of Robinson*, 144 A.D.3d 1084, 1085 (2d Dep't 2016) ("Good cause requires a showing of reasonable diligence in attempting to effect service.").  In the event that the Court finds that the plaintiff is not entitled to extend the time based on a showing of good cause, the Court may still grant the plaintiff's motion in the interest of justice. *Busler v. Corbett*, 259 A.D.2d 13, 15 (4th Dep't 1999).

Under the interest of justice standard, the Court may extend a plaintiff's time to serve process on consideration of "**any** relevant factor before making its determination[,]" and "no one factor is dispositive." *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 102 (2001) (emphasis

3

added). The plaintiff need not establish that it was reasonably diligent at serving as a threshold matter. *Id.* at 105. These factors include whether the plaintiff was diligent in serving process, if the statute of limitations expired, if the plaintiff's claims have merit, the length of delay in service, and if there is any prejudice to the defendant. *Id.* For example, in *Busler*, the court granted an extension of time in the interest of justice because the plaintiff "established that her claim would be extinguished without the extension because the Statute of Limitations had expired; that defendants were served only 28 days after the expiration of the statutory period for service; and that she promptly moved for an extension nunc pro tunc." *Busler*, 259 A.D.2d at 17.

## II.   THE COURT SHOULD EXERCISE ITS DISCRETION IN EXTENDING PLAINTIFF'S TIME TO SERVE THE DEFENDANTS

The circumstances surrounding Plaintiff's inability to serve two of the seven Defendants within 120-days squarely falls within the interests of justice standard, and an extension of time to serve the Defendants should be granted accordingly.

First, Plaintiff's ability to execute service of process was delayed due to challenges in ascertaining the precise identities and locations of each Defendant named. *See* Graham Aff. ¶ 9. This dispute involves several individually named Defendants, as well as corporate entities. Researching each Defendant in order to properly execute service was a time-intensive endeavor. *Id.* ¶ 10. However, Plaintiff determined the locations of each Defendant and timely completed service on five of them, with the remaining two defendants served just three (3) days after the 120-day service period. Each of the affidavits of service evidencing service on November 17, 2023 and November 20, 2023 have been filed on the docket. *Id.* ¶ 17, *see id.*, Ex. A.

Second, Plaintiff was delayed in executing service due to the practical challenges of having key decisionmakers working in different countries across the globe. *Id.* ¶ 13. This created logistical challenges in communication and additional time to explicate the American legal system. *Id.* In

4

addition, due to miscommunication with Plaintiff's process server, two Defendants were mistakenly not served on Friday, November 17, 2023, but this oversight was corrected and they were then served on Monday, November 20, 2023. *Id.* ¶ 14.

Third, as made clear in the well-plead complaint, the claims have merit and should be resolved on their substance, not dismissed on procedural grounds, especially where any dismissal would impact only two defendants and could be cured by refiling and reserving the defendants. Thus, as an dismissal would be curable and essentially pointless, it would be a waste of resources and needless delay to the adjudication of this dispute. *See* NYSCEF Doc. No. 2.

Fourth, Plaintiff served the Defendants with the Summons with Notice, along with the Complaint, as opposed to waiting for a demand. *Id.* ¶ 19. Consequently, the Defendants received a copy of the Complaint before they otherwise would have had they all been served on November 17, 2023 and then made their demand thereafter. *Id.* Because each Defendant was served with a copy of the Complaint before they otherwise would have, neither DWC nor Wyse have been prejudiced by the delay. *Busler*, at 16 ("…a legislative memorandum in support of [CPLR 306-b] notes that the denial of the extension in this situation [in which the statute of limitations would expire] would be 'fatal to a plaintiff's claim. It is for this reason that we believe that extensions of time should be **liberally granted**'") (emphasis added).

For these reasons, Plaintiff's request for an extension of time to serve the complaint on all the Defendants should be granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) extend *nunc pro tunc* its time to serve defendants DWC Pine Investments I, Ltd. and Mike Wyse to November 20, 2023; (2) extend the deadline to serve all Defendants for thirty (30) days from the date it is

5

Case 1:23-cv-10924-VEC   Document 29   Filed 03/21/24   Page 21 of 46

established that any of the Defendants were improperly served, if any; and (3) for such other and

further relief as the Court may deem just and proper.

Dated: New York, New York
       December 7, 2023

                      **AKERMAN LLP**

                      */s/ Darryl R. Graham*
                      Darryl R. Graham, Esq.
                      1251 Avenue of the Americas, 37th Floor
                      New York, New York 10020
                      Tel. (212) 880-3800
                      darryl.graham@akerman.com

                      *Attorneys for Plaintiff*

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC,

                          Plaintiff,

            -against-

AML GLOBAL ECLIPSE, LLC, DWC PINE
INVESTMENTS I, LTD., ALAN KLAPMEIER,
JAMES CARROLL, STEVE SERFLING, RJ
SIEGLE, MIKE WYSE, and CAROL
LAROTONDA

                          Defendants.

Index No.: 653523/2023

Mot. Seq. 001

**AFFIRMATION OF DARRYL R.
GRAHAM IN SUPPORT OF
PLAINTIFF'S MOTION TO
EXTEND TIME TO SERVE
DEFENDANTS**

**DARRYL R. GRAHAM,** an attorney duly admitted to practice before the Courts of the

State of New York, hereby affirm the following under the penalties of perjury pursuant to Section

2106 of New York Civil Practice Law and Rules ("CPLR"):

1.      I am a partner at Akerman LLP, attorneys for Plaintiff Diligent Enterprise

Management, LLC ("Plaintiff").

2.      I respectfully submit this Affirmation in support of Plaintiff's motion to (1) extend

its time to serve defendants AML Global Eclipse, LLC ("AML"), DWC Pine Investments I, Ltd.,

("DWC"), Alan Klapmeier ("Klapmeier"), James Carroll ("Carroll"), Steve Serfling ("Serfling"),

RJ Siegle ("Siegle"), Mike Wyse ("Wyse"), and Carol LaRotonda ("LaRotonda") (collectively,

the "Defendants") with its complaint, and (2) for such other and further relief as the Court may

deem just and proper.

3.      Plaintiff commenced this action on July 20, 2023 by electronically filing a

Summons with Notice against the Defendants. In an abundance of caution, Plaintiff filed the

Case 1:23-cv-10924-VEC Document 29 Filed 03/21/24 Page 23 of 46

Summons with Notice in anticipation of the running of the statute of limitations regarding certain of its then-anticipated claims.

4. On November 17, 2023, Plaintiff attempted service of the Summons with Notice (along with a copy of the Complaint) on each of the Defendants, and effected service on all of them on November 17, 2023, except for DWC and Wyse.

5. Three days later, on November 20, 2023, Plaintiff served DWC and Wyse.

6. Attached hereto as **Exhibit A** is a compilation exhibit containing true and correct copies of the Affidavits of Service of the Defendants.

7. As the Summons with Notice was filed on July 20, 2023, service on DWC and Wyse is technically three days beyond the 120-day service period.

8. A combination of factors ultimately inhibited Plaintiff's ability to timely serve its Summons with Notice and its Complaint.

9. First, Plaintiff's ability to execute service of process was delayed due to challenges in ascertaining the precise identities and locations of each Defendant named.

10. This dispute involves several individually named Defendants, as well as corporate entities. Researching each Defendant in order to properly execute service was a time-intensive endeavor.

11. As a result of these legal and practical nuances, Plaintiff was unable to ascertain, within the 120-day service period, who precisely it should serve and where those individuals were located in order to effectuate service of process.

12. However, Plaintiff determined the locations of each Defendant and timely completed service on five of them, with the remaining two defendants served just three days after the 120-day service period.

2

13.     Second, Plaintiff was delayed in executing service due to the practical challenges of having key decisionmakers working in different countries across the globe. This created logistical challenges in communication and additional time to explicate the American legal system.

14.     In addition, due to a miscommunication with Plaintiff's process server two defendants were mistakenly not served on Friday, November 17, 2023, but this oversight was corrected and they were then served on Monday, November 20, 2023.

15.     Third, while Plaintiff exercised due diligence to effect service by the deadline, and having timely served 5 of the 7 defendants, there was a miscommunication with the process server for service and the process server inadvertently proceeded with the non-local defendants first as opposed to simultaneously serving the local New York defendant (DWC) and nearby New Jersey defendant (Wyse).  But for that miscommunication, all of the Defendants would likely have been served by the November 17, 2023 deadline.

16.     Nevertheless, despite these challenges, Plaintiff filed the Complaint and timely served five (5) of the Defendants and served the remaining two Defendants three (3) days later.

17.     Each of the affidavits of service evidencing service on November 17, 2023 and November 20, 2023 have been filed on the docket.

18.     If an extension of time is not granted and Plaintiff's claims are dismissed, Plaintiff's claims will be lost due to the statute of limitations.

19.     Fourth, Plaintiff served the Defendants with the Summons with Notice, along with the Complaint, as opposed to waiting for a demand.  Consequently, the Defendants received a copy of the Complaint before they otherwise would have had they all been served on November 17, 2023 and then made their demand thereafter.

Dated:  December 7, 2023                    */s/ Darryl R. Graham*
                                            Darryl R. Graham, Esq.

3

# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

**AFFIDAVIT OF SERVICE**

STATE OF New York: COUNTY OF Nassau      ss:

I, Alexander James, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **11/20/2023** at **12:37 PM** at **590 Madison Ave, 13th Floor, New York, NY 10022**
Deponent served the **Summons with Notice filed July 20, 2023 and Complaint filed November 17, 2023 bearing Index Number and Date of Filing, Notice of Electronic Filing**  upon **DWC PINE INVESTMENTS I, LTD.,** defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering to and leaving a true copy to **Meaghan Mahoney** personally, a person who stated to be an authorized agent to receive process service for **DWC PINE INVESTMENTS I, LTD..** Deponent knew said business so served to be the business described in said **Summons with Notice filed July 20, 2023 and Complaint filed November 17, 2023 bearing Index Number and Date of Filing, Notice of Electronic Filing** as said defendant/respondent/recipient.  Deponent knew the individual accepting service to be an/the **Director of Compliance** thereof.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Female** Skin: **White**  Hair: **Blonde**  Age (Approx): **36**  Height(Approx): **5'5''**  Weight(Approx): **140-150 lbs**  Glasses: **No** Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this

November_____ 2023

Alexander James
License No. 1438821

CRAIG L. EISENBERG
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01E16030725
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES SEPTEMBER 20, 2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692479

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

## AFFIDAVIT OF SERVICE

STATE OF Delaware: COUNTY OF NEW CASTLE    ss:

I, Adam Golden, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of Delaware.

That on **11/17/2023** at **1:10 PM** at **1201 Orange Street, Ste 600, One Commerce Center, Wilmington, DE 19801,**
Deponent served the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **AML GLOBAL ECLIPSE, LLC,** defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering to and leaving a true copy to **Jen Frantz** personally, a person who stated to be an authorized agent to receive process service for **AML GLOBAL ECLIPSE, LLC.** Deponent knew said LLC so served to be the LLC described in said **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** as said defendant/respondent/recipient. Deponent knew the individual accepting service to be an/the **Registered Agent** thereof.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Female** Skin: **White** Hair: **Brown** Age (Approx): **45** Height(Approx): **5'6"** Weight(Approx): **130 lbs** Glasses: No Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Adam Golden

Sworn to before me this

November ___17___ 2023

_____

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692332

**UNIFORM CERTIFICATE OF ACKNOWLEDGEMENT**

**CERTIFICATE OF CONFORMITY**

State of ___DELAWARE___

County of ___NEW CASTLE___

On the ___17TH___ day of ___NOVEMBER___ in the year

___2023___, before me, the undersigned, personally appeared ___Adam Golden___,

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their

signature(s) on the instrument, the individual(s), or the person upon behalf of which the

individual(s) acted, executed the instrument, and that such individual made such appearance

before the undersigned in the ___WILMINGTON___ (city of other political subdivision and

the state where the acknowledgment was taken).


_____
Notary Public

Printed Name: ___George Covert___

My Commission Expires: ___2/13/26___

GEORGE H COVERT II
COMMISSION
EXPIRES
Feb. 13, 2026
NOTARY PUBLIC
STATE OF DELAWARE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

## AFFIDAVIT OF MAILING

STATE OF New York: COUNTY OF Nassau        ss:

I, Juliya Maiouchkina, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

On **11/17/2023**, I served a true copy of the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** by mailing the same in a sealed envelope by First Class Mail, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

 Steve Serfling
 3520 Spirit Drive SE, Albuquerque, NM 87106

The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the addressee(s).

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Juliya Maiouchkina

Sworn to before me this

November_____17_____2023

-----------------------------------------------
ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060

Case No: 1692413



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| DILIGENT ENTERPRISE MANAGEMENT, LLC | ATTORNEY: AKERMAN LLP |
| Plaintiff(s), | |
| | INDEX NUMBER: 653523/2023 |
| vs. | |
| | DATE OF FILING: 07/20/2023 |
| AML GLOBAL ECLIPSE, LLC et al | |
| Defendant(s). | |

## AFFIDAVIT OF MAILING

STATE OF New York: COUNTY OF Nassau      ss:

I, Juliya Maiouchkina, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

On **11/17/2023**, I served a true copy of the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** by mailing the same in a sealed envelope by First Class Mail, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Rj Siegle
9260 N PELHAM PKWY, Milwaukee, WI 53217

The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the addressee(s).

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Juliya Maiouchkina

Sworn to before me this

November_____2023

------------------------------------------------------------
ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 142206(

Case No: 1692378

EAS
585 Stewart Ave, Ste LL-16
Garden City NY 11530

Rj Siegle
9260 N PELHAM PKWY
Milwaukee, WI 53217

PERSONAL
&
CONFIDENTIAL

quadient
11/17/2023
US POSTAGE $003.2?
FIRST-CLASS
ZIP 11530
041M11042?

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

## AFFIDAVIT OF SERVICE

STATE OF New Mexico: COUNTY OF Bernalillo    ss:

I, Nathan Dooley, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New Mexico.

That on **11/17/2023** at **2:40 PM** at **9510 AVENIDA DEL OSO NE, Albuquerque, NM 87111**,
Deponent served the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **Carol Larotonda**, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to **Carol Larotonda**, personally; deponent knew said person so served to be the person mentioned and described as said defendant/respondent/recipient therein.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Female** Skin: **White** Hair: **Brown** Age (Approx): **55** Height(Approx): **5'8"** Weight(Approx): **250 lbs** Glasses: **No** Other:

I asked the defendant/respondent/recipient if he/she was in active military service of the United States or the State of New Mexico in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent/recipient is not in the military service of New Mexico State or the United States as that term is defined in the statutes of New Mexico State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Nathan Dooley

Sworn to before me this

November 17 2023

STATE OF NEW MEXICO
NOTARY PUBLIC
GLENDA AINSWORTH
Commission # 1135515
My Comm. Exp. Sept. 20, 2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692337

Case 1:23-cv-10924-VEC    Document 29    Filed 03/21/24    Page 34 of 46

**UNIFORM CERTIFICATE OF ACKNOWLEDGEMENT**

**CERTIFICATE OF CONFORMITY**

State of _New Mexico_

County of _Bernalillo_

On the ___17th___ day of _November_ in the year

___2023___, before me, the undersigned, personally appeared _Nathan Dooley_

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their

signature(s) on the instrument, the individual(s), or the person upon behalf of which the

individual(s) acted, executed the instrument, and that such individual made such appearance

before the undersigned in the _Albuquerque, NM_ (city of other political subdivision and

the state where the acknowledgment was taken).

_Glenda Ainsworth_
Notary Public

Printed Name: _Glenda Ainsworth_
My Commission Expires: ___9/20/2025___

STATE OF NEW MEXICO
NOTARY PUBLIC
GLENDA AINSWORTH
Commission # 1135515
My Comm. Exp. Sept. 20, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

**AFFIDAVIT OF SERVICE**

STATE OF New Mexico: COUNTY OF _Bernalillo_    ss:

I, Nathan Dooley, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New Mexico.

That on **11/17/2023** at **10:57 AM** at **3520 Spirit Drive SE, Albuquerque, NM 87106,**
Deponent served the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **Steve Serfling**, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to **Adam Flores,** , a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant/respondent/recipient actual place of residence and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex:
**Male** Skin: **Brown** Hair: **Black** Age (Approx): **40s** Height(Approx): **5'9"** Weight(Approx): **160-170 lbs** Glasses: **No** Other:

I asked the person spoken to if the defendant/respondent/recipient was in active military service of the United States or the State of New Mexico in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent/recipient is not in the military service of New Mexico State or the United States as that term is defined in the statutes of New Mexico State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this

November __17__ 2023

_Glenda Ainsworth_

_Nathan Dooley_

Nathan Dooley

STATE OF NEW MEXICO
NOTARY PUBLIC
GLENDA AINSWORTH
Commission # 1135515
My Comm. Exp. Sept. 20, 2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692335

**UNIFORM CERTIFICATE OF ACKNOWLEDGEMENT**

**CERTIFICATE OF CONFORMITY**

State of _New Mexico_

County of _Bernalillo_

On the ___17th___ day of ___November___ in the year

___2023___, before me, the undersigned, personally appeared ___Nathan Dooley___

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their

signature(s) on the instrument, the individual(s), or the person upon behalf of which the

individual(s) acted, executed the instrument, and that such individual made such appearance

before the undersigned in the _Albuquerque NM_ (city of other political subdivision and

the state where the acknowledgment was taken).

_Glenda Answorth_
Notary Public

Printed Name: _Glenda Ainsworth_
My Commission Expires: _9/20/2025_

STATE OF NEW MEXICO
NOTARY PUBLIC
GLENDA AINSWORTH
Commission # 1135515
My Comm. Exp. Sept. 20, 2025

2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

## AFFIDAVIT OF SERVICE

STATE OF MN    COUNTY OF St. Louis    ss:

I, Riley Sykes, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of Wisconsin.

That on **11/17/2023** at **3:57 PM** at **69655 Fire Tower Road, Iron River, WI 54847**,
Deponent served the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **Alan Klapmeier**, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to **Sarah Klapmeier, Wife**, a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant/respondent/recipient actual place of residence and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Female** Skin: **White** Hair: **Black** Age (Approx): **65** Height(Approx): **5'4"** Weight(Approx): **130 lbs** Glasses: **No** Other:

I asked the person spoken to if the defendant/respondent/recipient was in active military service of the United States or the State of Wisconsin in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent/recipient is not in the military service of Wisconsin State or the United States as that term is defined in the statutes of Wisconsin State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ABBIE L ANDERSON
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2027

Sworn to before me this

November 20, 2023

_____
Riley Sykes

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692333

## UNIFORM CERTIFICATE OF ACKNOWLEDGEMENT

## CERTIFICATE OF CONFORMITY

State of  MINNESOTA

County of  St. LOUIS

On the  20th  day of  NOVEMBER  in the year

2023 , before me, the undersigned, personally appeared  Riley Sykes ,

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their

signature(s) on the instrument, the individual(s), or the person upon behalf of which the

individual(s) acted, executed the instrument, and that such individual made such appearance

before the undersigned in the  DULUTH, MN  (city of other political subdivision and

the state where the acknowledgment was taken).

ABBIE L ANDERSON
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2027

Notary Public

Printed Name: Abbie Anderson
My Commission Expires: Jan. 31, 2027

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

## AFFIDAVIT OF MAILING

STATE OF New York: COUNTY OF Nassau     ss:

I, Juliya Maiouchkina, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

On **11/17/2023**, I served a true copy of the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** by mailing the same in a sealed envelope by First Class Mail, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Alan Klapmeier
69655 Fire Tower Road, Iron River, WI 54847

The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the addressee(s).

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Juliya Maiouchkina

Sworn to before me this

November_____20_____2023

-------------------------------------------------------
ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692440



PERSONAL
&
CONFIDENTIAL

Alan Kapmeier
69655 Fire Tower Road
Iron River, WI 54847

EAS
585 Stewart Ave, Ste LL-16
Garden City NY 11530

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

vs.

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

DATE OF FILING: 07/20/2023

**AFFIDAVIT OF SERVICE**

STATE OF Florida: COUNTY OF _Lee_____ ss:

I, Martin White #207598, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of Florida.

That on **11/17/2023** at **12:06 PM** at **19680 MARINO LAKE CIR APT 2403, Miromar Lakes, FL 33913**,
Deponent served the **Summons with Notice and Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **James Carroll,** defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to **James Carroll**, personally; deponent knew said person so served to be the person mentioned and described as said defendant/respondent/recipient therein.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Male** Skin: **White** Hair: **Gray** Age (Approx): **64** Height(Approx): **5'8"** Weight(Approx): **160-170 lbs** Glasses: **No** Other:

I asked the defendant/respondent/recipient if he was in active military service of the United States or the State of Florida in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent/recipient is not in the military service of Florida State or the United States as that term is defined in the statutes of Florida State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Martin White #207598

Sworn to before me this 20

November_____, 2023

Joseph DeCamp
Notary Public
State of Florida
My Commission Expires 11/4/2024
Commission No. HH 60537

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692334

**UNIFORM CERTIFICATE OF ACKNOWLEDGEMENT**

**CERTIFICATE OF CONFORMITY**

State of _Florida_

County of _Lee_

On the ___20___ day of _November_ in the year

___2023___, before me, the undersigned, personally appeared _Martin D White_,

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their

signature(s) on the instrument, the individual(s), or the person upon behalf of which the

individual(s) acted, executed the instrument, and that such individual made such appearance

before the undersigned in the _Fort Myers FC_ (city of other political subdivision and

the state where the acknowledgment was taken).

_____
Notary Public

Printed Name: _Joseph DeCamp_
My Commission Expires: _11.4.2024_

Joseph DeCamp
Notary Public
State of Florida
My Commission Expires 11/4/2024
Commission No. HH 80537

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DILIGENT ENTERPRISE MANAGEMENT, LLC
Plaintiff(s),

ATTORNEY: AKERMAN LLP

INDEX NUMBER: 653523/2023

vs.

DATE OF FILING: 07/20/2023

AML GLOBAL ECLIPSE, LLC et al
Defendant(s).

**AFFIDAVIT OF SERVICE**

STATE OF New Jersey: COUNTY OF ESSEX   ss:

I, Paul Della Valle, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New Jersey.

That on 11/20/2023 at 3:16 PM at 945 LAWRENCE AVE, Westfield, NJ 07090,
Deponent served the Summons with Notice filed July 20, 2023 and Complaint filed November 17, 2023 bearing Index Number and Date of Filing, Notice of Electronic Filing upon Mike Wyse, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to Mike Wyse, personally; deponent knew said person so served to be the person mentioned and described as said defendant/respondent/recipient therein.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Male** Skin: **White** Hair: Brown Age (Approx): 47 Height(Approx): 6' Weight(Approx): 225-250 lbs Glasses: Yes Other:

I asked the defendant/respondent/recipient if he/she was in active military service of the United States or the State of New Jersey in any capacity and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant/respondent/recipient is not in the military service of New Jersey State or the United States as that term is defined in the statutes of New Jersey State or the Federal Soldiers and Sailors Civil Relief Act.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Paul Della Valle

Sworn to before me this

November ___20___ 2023

GREGORY DUKE
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 1/24/2025

Executive Attorney Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic# 1422060
Case No: 1692480

## UNIFORM CERTIFICATE OF ACKNOWLEDGEMENT

### CERTIFICATE OF CONFORMITY

State of _____ NJ _____

County of _____ Essex _____

On the _____ 30 _____ day of _____ November _____ in the year

_____ 2023 _____, before me, the undersigned, personally appeared _____ Paul Podajcello _____,

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to

me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their

signature(s) on the instrument, the individual(s), or the person upon behalf of which the

individual(s) acted, executed the instrument, and that such individual made such appearance

before the undersigned in the _____ Verona    NJ _____ (city of other political subdivision and

the state where the acknowledgment was taken).

_____
Notary Public

Printed Name: Gregory Duke
My Commission Expires: 12/4/2025

2 of 2

# REQUEST FOR JUDICIAL INTERVENTION



UCS-840
(rev. 02/01/2022)

## Supreme COURT, COUNTY OF New York

Index No: _____653523/2023_____    Date Index Issued: _____07/20/2023_____

| **For Court Use Only:** |
|---|
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

DILIGENT ENTERPRISE MANAGEMENT, LLC

Plaintiff(s)/Petitioner(s)

-against-

AML GLOBAL ECLIPSE, LLC, DWC PINE INVESTMENTS I, LTD., ALAN KLAPMEIER, JAMES CARROLL, STEVE SERFLING, RJ SIEGLE, MIKE WYSE, JON HANSON, CAROL LAROTONDA

Defendant(s)/Respondent(s)

| **NATURE OF ACTION OR PROCEEDING:** | Check only one box and specify where indicated. |
|---|---|

### COMMERCIAL
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

### TORTS
- ☐ Adult Survivors Act
- ☐ Asbestos
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

### SPECIAL PROCEEDINGS
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see *NOTE* in COMMERCIAL section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify): ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

### MATRIMONIAL
- ☐ Contested

  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

### REAL PROPERTY   Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential   ☐ Commercial

  Property Address: _____

  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.

- ☐ Partition

  **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.

- ☐ Tax Certiorari (specify): Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

### OTHER MATTERS
- ☐ Certificate of Incorporation/Dissolution    [see *NOTE* in COMMERCIAL section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

| **STATUS OF ACTION OR PROCEEDING** | Answer YES or NO for every question and enter additional information where indicated. |
|---|---|

|  | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: _____07/20/2023_____ |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: _____11/17/2023_____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

| **NATURE OF JUDICIAL INTERVENTION** | Check one box only and enter additional information where indicated. |
|---|---|

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☒ Notice of Motion    Relief Requested: _Extend - Time_    Return Date: _12/20/2023_
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties**<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants**<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined**<br>For each defendant, indicate if issue has been joined. | **Insurance Carriers**<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: DILIGENT ENTERPRISE MANAGEMENT, LLC<br>Role(s): Plaintiff/Petitioner | DARRYL GRAHAM, Akerman LLP, 520 Madison Avenue 20th Floor, New York, NY 10022, 212-259-6444, darryl.graham@akerman.com | ☐ YES ☒ NO | |
| ☐ | Name: AML GLOBAL ECLIPSE, LLC<br><br>Role(s): Defendant/Respondent | Michael Keats, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004, (212) 859-8914, michael.keats@friedfrank.com | ☐ YES ☒ NO | |
| ☐ | Name: DWC PINE INVESTMENTS I, LTD.<br>Role(s): Defendant/Respondent | Dmitriy Tishyevich, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017, (212) 547-5534, ishyevich@mwe.com | ☐ YES ☒ NO | |
| ☒ | Name: KLAPMEIER, ALAN<br><br>Role(s): Defendant/Respondent | 69655 Fire Tower Road, Iron River, WI 54847 | ☐ YES ☒ NO | |
| ☒ | Name: CARROLL, JAMES<br><br>Role(s): Defendant/Respondent | 19680 Marino Lake Cir., Apt. 2403, Miromar Lakes, FL 33913 | ☐ YES ☒ NO | |
| ☒ | Name: SERFLING, STEVE<br><br>Role(s): Defendant/Respondent | 3520 Spirit Drive SE, Albuquerque, NM 87106 | ☐ YES ☒ NO | |
| ☒ | Name: SIEGLE, RJ<br><br>Role(s): Defendant/Respondent | 9260 N. Pelham Parkway, Milwaukee, WI 53217 | ☐ YES ☒ NO | |
| ☒ | Name: WYSE, MIKE<br><br>Role(s): Defendant/Respondent | 946 Lawrence Avenue, Westfield, NJ 07090 | ☐ YES ☒ NO | |
| ☒ | Name: HANSON, JON<br><br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: LAROTONDA, CAROL<br><br>Role(s): Defendant/Respondent | 9510 Avenida Del Oso NE, Albuquerque, NM 87111 | ☐ YES ☒ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:  12/07/2023

DARRYL ROBERT GRAHAM
Signature

5543343
Attorney Registration Number

DARRYL ROBERT GRAHAM
Print Name

*This form was generated by NYSCEF*

2 of 2